NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0740n.06

Case No. 15-1075

**FILED**
Nov 05, 2015
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| Rockwell Medical, Inc., et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| Richard Yocum, M.D., | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____/ | ) | |

Before: MERRITT, DAUGHTREY, and GRIFFIN, Circuit Judges.

**MERRITT, Circuit Judge.** This Michigan diversity case concerns Rockwell Medical's breach of contract, trade secret, tortious interference, and defamation claims against Dr. Richard Yocum, its former employee. The district court, after finding that Rockwell failed to identify sufficient evidence in the record to create a triable question of fact on any of its claims, granted Yocum's motion for summary judgment. Because our review of the briefs and the record on appeal convinces us that Judge Lawson made no errors in granting Yocum's motion for summary judgment, we AFFIRM the judgment of the district court.

We begin with a succinct statement of the relevant facts. Rockwell, a publicly-traded pharmaceutical company, hired Yocum as its vice president of drug development on February 23, 2009. Yocum's responsibilities included consulting about clinical testing on various drugs,

communicating with doctors to market Rockwell's drugs, and monitoring clinical trials. Upon being hired by Rockwell, Yocum signed an Employee Confidential Information Non-Compete and Invention Agreement, under which he agreed not to disclose any confidential or proprietary information.

According to Rockwell, its relationship with Yocum began to decline in 2010 because Yocum: (1) withheld important information from Rockwell regarding drug trials; (2) spent most working hours conducting personal business and searching for other employment; (3) disclosed confidential information about clinical trials to third parties; and (4) spread false rumors that Rockwell drugs had not performed as expected under testing or were in jeopardy of failing to receive Food and Drug Administration approval. Because of these alleged acts, Rockwell fired Yocum on September 17, 2011. In November 2011, Yocum accepted employment as Chief Medical Officer for Sophiris Bio Corporation. According to Yocum's testimony, his responsibilities as Chief Medical Officer at Sophiris Bio do not involve any drug or technology which could make use of Rockwell's confidential information or trade secrets.

All of Rockwell's claims against Yocum are premised on: (1) information disclosed in Yocum's wrongful termination complaint filed in California; (2) Yocum's statements during a short telephone conversation with Michael Xirinachs, one of Rockwell's investors; (3) Yocum's statements during a phone interview with Christopher Carey, a reporter, in response to questions from Carey about the allegations in Yocum's California complaint; and (4) Yocum's alleged possession of Rockwell documents. In its opinion, the district court gives a detailed accounting of each of these instances. We review the district court's grant of summary judgment *de novo*. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

Rockwell argues that the district court erred in granting Yocum's summary judgment motion as to Rockwell's breach of contract, trade secret, tortious interference, and defamation claims. This Court's review of the briefs and the record on appeal demonstrates that Rockwell failed to identify evidence in the record that created a triable question of fact as to any of its claims. First, the district court properly granted Yocum's motion for summary judgment as to Rockwell's breach of contract claim because Rockwell failed to identify any specific pieces of *confidential* information that Yocum disclosed in violation of his confidentiality agreement. Similarly, because Rockwell does not even begin to address which pieces of Rockwell information qualify as trade secrets under the Michigan Uniform Trade Secrets Act, *see* Mich. Comp. Laws § 445.1902(d), its trade secret misappropriation claim fails. Rockwell's tortious interference claim fails for a related reason: Rockwell has not pointed to a specific contractual relationship or business expectancy that was breached or thwarted by Yocum's conduct. *See Cedroni Assocs., Inc. v. Tomblinson, Harbun Assocs., Architects & Planners, Inc.*, 821 N.W.2d 1, 3 (Mich. 2012) (a business expectancy must be grounded in more than "mere wishful thinking"). Finally, the district court made no errors in granting Yocum summary judgment on Rockwell's defamation claim because Rockwell has not identified any false or defamatory statement concerning Rockwell that falls outside the scope of the judicial proceedings privilege and is attributable to Yocum. *See Oesterle v. Wallace*, 725 N.W.2d 470, 474 (Mich. Ct. App. 2006) (describing privilege).

Accordingly, the judgment of the district court is AFFIRMED.